Page 1 of 3

June 19, 2023 @ 07:33:05 PM

Catherine O'Hagan Wolfe
Clerk of Court
U.S.C.A Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

VIA CM/ECF

**RE: Response to Clerk's Order, Doc #7 Regarding the Jurisdiction of this Court, Per: Darryl C. Carter vs. Keechant L. Sewell et al., Appeal No: 23-875**

Dear Chief Judge Livingston:

Please note the receipt of doc #7, *ante*, to which this letter affirmatively responds.

1. This court via clerk Catherine O'Hagan Wolfe and one or more of the deputies has routinely engaged in wholesale fraud and misconduct with respect to several matters before this court involving plaintiff.

    1. In this instance, the Clerk erroneously and intentionally docketed Appeal No: 23-875 as having no related cases notwithstanding the fact said appeal is directly and entirely related to Appeal: 23-602 identical with respect to the parties. The aim here was intentionally to hide misconduct on the docket for Appeal No: 23-602.

    2. Moreover, Appeal No: 23-602 established the original jurisdiction of this court.

    3. With respect to Appeal No: 23-875, I incorporate by reference a true and correct copy of the appeal statement, doc #13 pgs. 4-5., which directly addresses the procedural posture of the appeal jurisdiction.

Sincerely,

/S/ *[signature]*

Darryl C. Carter

1734 Webster Avenue, Bronx, NY 10457

Description of the Appeal Issue(s):
Caption: (Appeal No: 23-875, Carter vs Sewell et al.,; Related Appeal No: 23-602, Carter vs Sewell et al.,)

This appeal represents very serious Constitutional questions around a party proceeding "pro se" with respect to the *Bill of Rights* specifically centered around *Due Process* mandates. To wit: 1.) The right to proceed before a competent court of jurisdiction; 2.) A non-biased neutral arbiter; 3.) Appropriate court decorum consistent with due process. Moreover, plaintiff-appellant, suffered prejudice due to his filing status, as "*pro se*" and was "referred" to a magistrate judge, over objections, which offended Constitutional requirements. The procedural posture illustrates intentional *Service of Process* deficiency issues (U.S. Marshal Service) which plaintiff sought to cure via alternative service, given the serious irreparable harm driven by the *Service* issues, *ante*. Both the lower court and this court acts as an impediment to plaintiff proceeding before it due to "Big money" influence and control over the lower court, illustrative via lower court case, *Darryl C. Carter vs. Keechant L. Sewell et al.*, (23-cv-01139-JLR-RWL) doc #19, pg. 14. Consequently, *Due Process* is burdened as is *Equal Protection* (*Darryl C. Carter vs. Keechant L. Sewell et al.*,(23-cv-01139-JLR-RWL) *Cf.(Alvin L. Bragg vs. Jim Jordan* (23-cv-03032-MKV) docketed, in the lower court, merely for a few days (04/11/23) and plaintiff-appellant reached this appellate court **INSTANTANEOUSLY** without roadblocks, stonewalling, clerk perfunctory orders/dismissals, etc.). Plaintiff-appellant sought to vacate the referral to the magistrate which the district judge denied, *essentially* alleging that it was "Too busy or otherwise uninterested in addressing the underlying serious [state] constitutional questions." See, *Darryl C. Carter vs. Keechant L. Sewell et al.*,(23-cv-01139-JLR-RWL) doc #23. An interlocutory appeal in this court was filed on April 13, 2023 as appeal no: 23-602, following the lower court's denial to vacate magistrate referral. The lower court has had no jurisdiction but for aid of the appeal no: 23-602, since April 13, 2023. Notwithstanding absence of jurisdiction, the magistrate judge denied plaintiff's *In Forma Pauperis* motion (in effect a dismissal) on April 18, 2023. Following all defendants request for removal being granted, which completely offended the 14th Amendment *Due Process* mandates, defendant James and Hochul sought refuge in the lower court, notwithstanding this court has jurisdiction, via a motion for extension of time as filed on June 6, 2023, doc #32. Following opposition to the defendants' motion, as filed on June 5, 2023, doc #34, the magistrate judge, again, absent jurisdiction granted defendants' motion doc #35. Plaintiff sought a Stay via doc #36, which the magistrate judge, again, without jurisdiction denied, per doc#38. Moreover, a Stay is a form of an Injunction and a magistrate judge has no jurisdiction to adjudicate an Injunction, especially as here where plaintiff complains of repeated Constitutional rights violations. In light of the procedural posture, plaintiff-appellant posits, impartiality cannot be found in the lower court and this matter was routed at the outset to a magistrate judge to extinguish the case using perfunctory deficient procedural devices, as the underlying matter is highly political and the lower court is incapable of addressing the merits to influence peddling and back channel agreements. Thus, it is far more practical that this matter be heard in the first instance in this court to preserve the dignity and integrity of plaintiff's Constitutional rights i.e. Equal Protection, Due Process, in pursuit of the ultimate 2A question surrounding the Constitutionality of plaintiff's right to bear arms and whether or not the State offends plaintiff's 2A right. Moreover, *Fed. R. Civ. P* 1

(disregarded in the lower court) is advanced by first impression appearance in this court rather than the extreme dilatory, perfunctory, cover up nature of the lower court which will only have the same issue arrive in this court following an extended dilatory period of time further exposing plaintiff's rights to irreparable harm.

1. Nature of the Action (Appeal Numbers: 23-875; 23-602, Carter vs Sewell et al.,)
   1. Constitutional & Statutory Questions Raised on Appeal
      a) Whether or not the U.S. Constitution provisions for a party appearing "*pro se*" the right to appear: via an Article III non-biased district judge against any defendant but in particular one or more State actor defendant(s).
         1. If so, can a district judge displace a "*pro se*" party's right to appear via an Article III non-biased district judge via referral to a magistrate judge to which there is no consent and specifically a dissent against appearing via a magistrate judge, especially on Constitutional questions?
      b) When a "*pro se*" party raises bias and prejudice issues in the district court, at the outset of the action, does he present a Constitutional question justifying first instance litigation in the court of appeals?
      c) At any point since inception of 28 U.S.C. § 1915 has a magistrate judge had jurisdiction to deny the same whether on first instance or pursuant an appeal? If not, can a district judge displace plaintiff's Constitutional rights to Article III non-biased adjudication via referral to a magistrate judge?
      d) Does 28 U.S.C. § 636 (b) (1) (A) provision for adjudication of any type of injunction?
      e) Do statements made by a State actor (Governor, Attorney General, Police Commissioner, etc.) defendant, with substantial and significant power, with respect to links and ties to "Big money" political action/activist groups substantiate bias on a Constitutional level, ante, to justify proceeding before a non-biased Article III judge.
      f) Did the state of New York substantially burden the Supreme Court's *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. ___ (2022). decision based upon alleged retaliation via its new/revised CCW laws as became effective September 2022?
   2. Standard of Review
      a) The applicable standard of review include
         1. *De Novo*: As all of matters, 1 (a)-(f) are questions of law. See, Pierce v. Underwood, 487 US 552 (1998) ("For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for "abuse of discretion")."); Bose Corp. v. Consumers Union of United States, Inc., 466 US 485 (1984) ("[T]he Court rejects the "clearly erroneous" standard […] in favor of a "de novo" standard of review for the "constitutional facts" surrounding the "actual malice" determination."); *First Options of Chicago, Inc. v. Kaplan*, 514 US 938 (1995);

## CERTIFICATE OF SERVICE

On date, June 19, 2023, I did submit the following document(s) with respect to appeal no: 23-875

1) RESPONSE TO CLERK'S ORDER, DOC #7 REGARDING THE JURISDICTION OF THIS COURT, PER: DARRYL C. CARTER VS. KEECHANT L. SEWELL ET AL., APPEAL NO: 23-875, FOUR (4) PAGES

☒ by submitting the, herein referenced documents via the court's CM/ECF filing system for subsequent CM/ECF notification to the defendant's appearing council in this action.

Counsel for appellee Sewell Terminated on April 25, 2023.

Counsel for appellees Hochul and James Terminated on May 23, 2023.

/S/ *[signature]*
Darryl C. Carter
1734 Webster Avenue
Bronx, NY 10457
Phone: (201) 781-5216
Email: dcclawinfo@proton.me

*Attorney for the Plaintiff*